1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
9           CENTRAL DISTRICT OF CALIFORNIA
10              WESTERN DIVISION
11

| | |
|---|---|
| JUAN VALENZUELA, | Case No. CV 10-02428 DSF (AN) |
| Petitioner, | **ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |
| v. | |
| L. SMALL, Warden, | |
| Respondent. | |

## I. BACKGROUND

Before the court is a petition for writ of habeas corpus ("Petition") brought by Juan Valenzuela ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises seven claims directed at Petitioner's September 22, 1997 conviction of first degree murder, second degree murder, assault with a deadly weapon or by means likely to cause great bodily injury, and firearm and other enhancements that he sustained in the California Superior Court for Los Angeles County (case no. NA025820). For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

*///*

1

## II.  DISCUSSION

2    **A.      Standard of Review**

3          Rule 4 of the Rules Governing Section 2254 Cases in the United States District

4    Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas

5    petition and "[i]f it plainly appears from the petition and any attached exhibits that the

6    petitioner is not entitled to relief in the district court, the judge must dismiss the

7    petition and direct the clerk to notify the petitioner."  Local Rule 72-3.2 of this Court

8    also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of

9    habeas corpus, and if it plainly appears from the face of the petition and any exhibits

10   annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may

11   prepare a proposed order for summary dismissal and submit it and a proposed

12   judgment to the District Judge."  C.D. Cal. R. 72-3.2.  Further, an untimely habeas

13   petition may be dismissed *sua sponte*, however, the district court must give the

14   petitioner adequate notice and an opportunity to respond before doing so.  *Day v.*

15   *McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d

16   1039, 1043 (9th Cir. 2001).

17   **B.      Statute of Limitations**

18         The Petition is governed by the Antiterrorism and Effective Death Penalty Act

19   of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state

20   prisoners to file a habeas petition in federal court, because the Petition was filed after

21   April 24, 1996, AEDPA's enactment date.  28 U.S.C. § 2244(d)(1); *see Lindh v.*

22   *Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997).  In most cases, the limitations

23   period begins to run from "the date on which the judgment became final by conclusion

24   of direct review or the expiration of the time for seeking such review."  28 U.S.C. §

25   2244(d)(1)(A).

26   ///

27   ///

28   ///

The face of the Petition and relevant state court records[1] establish the following relevant facts.  Petitioner sustained his underlying conviction on September 22, 1997, and was sentenced on October 15, 1997.  (Pet. at 2.[2])  The California Court of Appeal, Second Appellate District, Division Five, affirmed the judgment on direct appeal on December 23, 1998 (case no. B117471).  (Pet. at 2-3; Exs. at 5-18; state court records.)  Petitioner never filed a petition for review in the California Supreme Court or for certiorari with the United States Supreme Court.  (Pet. at 3.)  Therefore, for purposes of AEDPA's limitations period, his conviction became final on February 1, 1999, the fortieth day after the California Court of Appeal affirmed the judgment of conviction.  *See* CAL. CT. R. 8.366(b)(1); 8.500(e)(1); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008); *Smith v. Duncan*, 297 F.3d at 812-13.  The statute of limitations then started to run the next day, February 2, 1999, and ended a year later on February 1, 2000.  28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

///

---

[1]   The court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records").  *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2]   Petitioner did not consecutively number the pages of the Petition and the attachments as required by Local Rule 11-3.3.  For sake of clarity, the court cites to the pages of the Petition by referring to the electronic pagination furnished by the court's official CM-ECF electronic document filing system.  Further, the exhibits supporting the Petition were separately numbered by the court's document filing system so the court cites to the page numbers of the exhibits separately.  Finally, in addition to separately numbering Petitioner's exhibits, the court's electronic document filing system numbered the attachments to the Petition in two sets (1-100 and 1-53)  The court designates the second set (pages 1-53) as "set two."

Petitioner did not constructively file his pending Petition until March 28, 2010[3/] -- 3,708 days (more than 10 years) after the expiration of the limitations period.

Accordingly, absent some basis for tolling or an alternative start date to AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

## C.   Statutory Tolling

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Waldrip*, 548 F.3d at 734; *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005).   An application is "pending" until it has achieved final resolution through the state's post-conviction procedures.  *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval.  *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period.  *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

---

[3/]   Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk.  *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).  The pending Petition was filed by the Clerk on April 2, 2010.  (Pet. at 1.)  However, for purposes of the timeliness analysis, the court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on March 28, 2010, the date he signed the Petition and proof of service, and on which it appears he delivered the Petition to the prison mail room clerk for filing.

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

The Petition, attached exhibits, and relevant state court records establish Petitioner filed one habeas petition in the trial court,[4/] one habeas petition in the state court of appeal (case no. B212038), and two habeas petitions in the California Supreme Court (case nos. S169648, S176616), all of which were denied. (Pet. at 3-5; 30-50 (set two); Exs. at 112-21; state court records.). However, the first of those petitions was not filed until November 27, 2007, seven years and nearly ten months after the expiration of the limitations period on February 1, 2000. (Pet. at 30 (set two); Exs. at 113.) As a result, Petitioner is not entitled to statutory tolling for any of his state habeas petitions because they were all filed long after the limitations period expired. *See Jiminez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259.

The Petition, attached exhibits, and relevant state court records establish Petitioner is not entitled to any statutory tolling of the limitations period.

///

///

///

---

[4/]   Petitioner lists two additional petitions purportedly filed in the trial court in 2007, but the record reveals those were not habeas petitions, but a "motion for post-conviction discovery" and a request for appointment of counsel. (Pet. at 4; set two at 27-28.)

1

**D.      Alternative Start of the Statute of Limitations**

2

      **1.      State-Created Impediment**

3

In rare instances, AEDPA provides that its one-year limitations period shall run

4

from "the date on which the impediment to filing an application created by State action

5

in violation of the Constitution or laws of the United States is removed, if the applicant

6

was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).  Asserting

7

that the statute of limitations was delayed by a state-created impediment requires

8

establishing a due process violation.  *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir.

9

2002).  Thus, a claim under this provision "must satisfy a far higher bar than that for

10

equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009).  Petitioner's

11

filings do not set forth any facts that show he is entitled to relief under this provision.

12

      **2.      Newly Recognized Constitutional Right**

13

AEDPA provides that, if a claim is based upon a constitutional right that is

14

newly recognized and applied retroactively to habeas cases by the United States

15

Supreme Court, the one-year limitations period begins to run on the date which the

16

new right was initially recognized by the Supreme Court.  28 U.S.C. § 2244(d)(1)(C).

17

Petitioner's filings do not set forth any facts that show he is entitled to relief under this

18

provision.

19

      **3.      Discovery of Factual Predicate**

20

AEDPA also provides that, in certain cases, its one-year limitations period shall

21

run from "the date on which the factual predicate of the claim or claims presented

22

could have been discovered through the exercise of due diligence."  28 U.S.C. §

23

2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001).  Petitioner's

24

filings do not set forth any facts that show Petitioner is entitled to an alternate start date

25

to the limitations period based upon the late discovery of the factual predicate.

26

///

27

///

28

**E.    Equitable Tolling**

The United States Supreme Court has not yet decided whether AEDPA's limitations period allows for equitable tolling but it has assumed without deciding that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007) ("We have not yet decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

Although the Ninth Circuit has found that equitable tolling is available, *Harris v. Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has cautioned, "[e]quitable tolling is justified in few cases," and that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (same).  "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).  Further, "[e]quitable tolling determinations are 'highly fact-dependent.'"  *Id.*  The petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Moreover, in *Pace*, the Supreme Court clearly established that "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *Lawrence*, 549 U.S. at 336.  *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that equitable tolling requires a showing that "the party seeking equitable tolling must have

1    acted with reasonable diligence throughout the period he seeks to toll" and

2    "extraordinary circumstances prevented him from filing his petition on time").  The

3    petitioner must also demonstrate that he exercised reasonable diligence in attempting

4    to file his habeas petition after the extraordinary circumstances began otherwise the

5    "link of causation between the extraordinary circumstances and the failure to file [is]

6    broken." *Spitsyn*, 345 F.3d at 802.  *Pace*'s "extraordinary circumstances" prong

7    requires the petitioner to "additionally show that the extraordinary circumstances were

8    the cause of his untimeliness, and that the extraordinary circumstances made it

9    impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotations

10   and citations omitted).

11          In support of the Petition, Petitioner attaches a document he apparently filed in

12   the California Supreme Court which purports to show "good cause for Petitioner's

13   delay." (Pet. at 76-79.)  In that document, Petitioner alleges that he was abandoned by

14   an attorney, Douglas Melson, who he retained in 1999 to file a habeas petition.

15   Specifically, Petitioner alleges Melson claimed to file a habeas petition in the trial

16   court on his behalf in 2003, but when Petitioner inquired with the court they had no

17   record of it.  It was only after Petitioner made a complaint to the state bar that Melson

18   then filed the November 27, 2007 state habeas petition on his behalf without consulting

19   him.  (Pet. at 76-79, 81-82, 84-100; set two at 1-16, 18-20, 22, 24-25, 30-50; Exs. at

20   31-32.)  Petitioner argues that Melson's abandonment constituted an extraordinary

21   circumstance justifying equitable tolling.  (Pet. at 78.)

22          Petitioner has fallen far short of meeting his burden for equitable tolling.  First,

23   he has not established a causal link between Melson's failure to file a state habeas

24   petition in 2003 and his failure to file a federal habeas petition before the limitations

25   period expired on February 1, 2000, more than three years earlier.  Similarly, he has

26   also failed to demonstrate how any omission on Melson's part made it *impossible* for

27   him to file a timely federal habeas petition before February 1, 2000. *Ramirez*, 571 F.3d

28   at 997.  Finally, even if the limitations period had not already expired long before

Petitioner's alleged problems with Melson began, Petitioner did not inquire into the habeas petition Melson purportedly filed in 2003 until January 2007. (Pet. at 18 (set two).) Thus, even if there had been some causal link in this case between Melson's inaction and Petitioner's untimeliness, he has failed to establish that he exercised reasonable diligence in attempting to file his federal habeas petition after the extraordinary circumstances began. *Mendoza*, 449 F.3d at 1070; *McGinnis*, 208 F.3d at 17. The record instead establishes Petitioner's complete inaction throughout the entire one-year limitations period from February 2, 1999 to February 1, 2000, and then a continuing, lackadaisical attitude during the subsequent period, which would have broken any causal link between the alleged extraordinary circumstance and his failure to file a timely federal habeas petition. *Spitsyn*, 345 F.3d at 802.

The Petition and attached exhibits do not show Petitioner is entitled to equitable tolling in this case.

## **O R D E R**

Based on the foregoing, the court finds the Petition is untimely. Accordingly, Petitioner shall have until **May 17, 2010**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

1    **Petitioner is warned that if a timely response to this Order is not made,**
2    **Petitioner will waive his right to do so and the court will, without further notice,**
3    **issue an order dismissing the Petition, with prejudice, as time-barred.**

4        **Further, if Petitioner determines the court's above analysis is correct and**
5    **the Petition is clearly time-barred, he should consider filing a Request For**
6    **Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of**
7    **a response to this Order.**

9        IT IS SO ORDERED.

12   DATED: April 26, 2010

                                        _____
13                                           ARTHUR NAKAZATO
                                        UNITED STATES MAGISTRATE JUDGE